Leon B. Polsky, J.
The defendant has been convicted before me on his plea of guilty to attempted possession of a controlled substance in the sixth degree and sentenced by me to a term of imprisonment. Because of substantial issues presented in connection with an earlier denial of a motion to suppress evidence, I have, pursuant to CPL 460.50, granted a stay of execution of judgment and bail pending appeal.
The defendant in this court has been represented by assigned counsel associated with the Legal Aid Society, the court having previously determined that the defendant is indigent. Counsel has applied to me for "leave to appeal as a poor person,” an application historically made to the court to which the appeal is taken.
I see no reason why I. cannot entertain the application on its merits. At this point in time, with the defendant and both counsel before the court, I am in a position to immediately ascertain the minutes that need to be transcribed for appellate purposes and order their transcription and filing, thereby eliminating the delay inherent in requiring a written application to the Appellate Division (usually pro se) and the unnecessary effort when those unfamiliar with the prior proceedings attempt to put together a record on appeal.
Accordingly, I have signed an order granting leave to appeal as a poor person, ordering transcription of those minutes designated by the parties, and directing the clerk of the court to transmit the record to the Appellate Division, First Judicial Department.
I do not believe that I have the power to assign appellate counsel to represent the defendant. However, if Legal Aid counsel wishes to continue with its representation, no further order is necessary. If for any reason the Legal Aid Society is *45 unable or unwilling to represent the defendant on his appeal, then counsel shall apply to the Appellate Division for the assignment of other counsel from the 18-B Panel.